# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARION R. SMITH,                )
                                )
    Movant,                  )
                                )
v.                              )   Case No.   CV410-142
                                )              CR407-288
UNITED STATES OF AMERICA,       )
                                )
    Respondent.              )

## REPORT AND RECOMMENDATION

Marion R. Smith has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.)[1] According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears from the motion . . . that the moving party is not entitled to relief." Smith's motion is untimely and warrants Rule 4 dismissal.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV410-142. "Cr. doc." refers to documents filed under movant's criminal case, CR407-288.

within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Smith was sentenced on March 27, 2008 and resentenced pursuant to Fed. R. Crim. P. 35(b) on August 4, 2008. (Cr. doc. 50.) He did not appeal either judgment (doc. 1 at 2), so his conviction was final 10 days after one of the two sentencing dates listed above. *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 26(b)(1) (2008) (allowing a criminal defendant 10 days after the entry of judgment to file a notice of appeal). Hence, his conviction became "final" either on April 10, 2008 or August 18, 2008. Under either, his § 2255 motion is untimely by many months.[2]

---

[2] The Eleventh Circuit has not explicitly addressed whether a new one-year period starts from the date of an amended judgment and sentence entered as a result of the Court's granting of a Rule 35(b) motion. The general consensus, however, is that Rule 35(b) resentencing does not restart the filing period for § 2255 motions. *See* 18 U.S.C. 3582(b)(2) (notwithstanding the fact that a sentence can be "corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."); *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009) (Rule 35(b) sentence modification was not a judgment of conviction that restarted AEDPA's § 2255 filing period); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007) ("when a federal prisoner is resentenced following a Rule 35(b)

The AEDPA period of limitation may be subject to equitable tolling in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (*quoting Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). Here, Smith contends that he found newly discovered evidence and law that supports his position. (Doc. 1 at 13.) Hence, he raises a tolling argument and therefore must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

---

motion by the government, the statute of limitations does not recommence from the date of the resentencing judgment."); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004) (same); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001) (the modification of the petitioner's sentence pursuant to a Rule 35(b) motion did not affect the finality of the judgment for purposes of § 2255); *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) ("Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for § 2255 purposes. The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); *cf. United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing."). Hence, while the Court need not decide the matter, the earlier date most likely controls here.

Smith, who pled guilty to interference with commerce by robbery and brandishing a firearm during a crime of violence, contends that he discovered new evidence and law after nearly two years of research, so his tardiness should be excused. (Doc. 1 at 13.) While he does not explicitly reference it in his equitable tolling argument, the evidence he refers to is an arrest report stating that he had no weapon at the time of his arrest. (*Id.* at 6.) He does not, however, allege that the report was not available to him prior to the entry of his guilty plea. Instead, he states that he "found" it while researching his case, so it is unclear whether he diligently pursued his rights. (*Id.* at 13.) In any event, he cannot satisfy the second prong. Smith was in the best position to know whether he had possessed a firearm in relation to a crime of violence prior to swearing under oath before this Court that he had done so. The availability of the arrest report may have added support for his argument that his attorney had inadequately investigated the case, but it certainly did not stand in the way of timely filing his § 2255 motion on that ground. And his argument that his lay status and legal research should toll the clock is plainly foreclosed. *See Johnson v. United States*, 544 U.S.

295, 311 (2005) (the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness); *cf. United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (even serious difficulty reading or speaking the English language does not show the kind of "extraordinary circumstances" that justify equitable tolling of the one-year filing requirement).

"'Equitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'" *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curiam)). This is not such a case, and tolling is not warranted. Hence, as Smith's § 2255 motion is untimely, it should be **DISMISSED** in accordance with Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.

**SO REPORTED AND RECOMMENDED** this __18th__ day of June, 2010.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA