# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARION SMITH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR407-288 |
| | ) | CV419-306 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Marion Robert Smith pled guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Doc. 42 at 1.[1]  Because this is Smith's *third* § 2255 motion, however, this Court lacks jurisdiction to consider it without permission from the Eleventh Circuit.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); *Farris v.*

---

[1] The Court is citing to the criminal docket in CR407-288 unless otherwise noted.

*United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005).  "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion.  *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Smith filed his first § 2255 motion in 2010.  Doc. 52.  The Court dismissed it as untimely.  Doc. 53 (Report and Recommendation), *adopted* doc. 55.  The Court of Appeals denied his motion for a certificate of appealability to appeal that denial *in forma pauperis*.  Doc. 67.  Smith filed his second § 2255 motion in 2016.  Doc. 71.  He received leave from the Court of Appeals to file that second motion based on the Supreme Court's opinion in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  That motion was, nevertheless, denied.  Doc. 78 (Report and Recommendation), *adopted* doc. 81.  He was again denied leave to appeal

*in forma pauperis*. Doc. 94. He's back again, but without leave to pursue a second or successive motion. Doc. 95.[2]

Since his motion is an unauthorized successive § 2255 motion, it should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

[2] It is possible that Smith's petition amounted to an attempt to secure leave to file a successive motion. He sent it directly to the Eleventh Circuit. *See* doc. 95 at 9. Regardless, this Court lacks jurisdiction to reconstrue his petition as a request for leave. However, Smith clearly knows how to seek leave, as he did so once before. *See* doc. 77-1 (copy of Court of Appeals' authorization to file Smith's previous second or successive motion).

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 15th day of November, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA